UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| In Re: DELORIA B. HARRIS, aka ) <br> DEE HARRIS, ) <br> ) <br> Debtor. ) <br> ) <br> _____ ) <br> ) <br> In Re: DELORIA B. HARRIS, aka ) <br> DEE HARRIS, ) <br> ) <br> Debtor. ) | No. 1:05-CV-186 <br><br> *Judge Mattice* <br><br><br><br><br> No. 1:05-CV-216 <br><br> *Judge Mattice* |

## **MEMORANDUM**

This case is before the Court on appeal from the U.S. Bankruptcy Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 158(a). Because the Appellant, the Debtor below, filed two separate notices of appeal relating to the same Chapter 13 case, this Court consolidated those appeals in this case [Court Doc. No. 8 (Case No. 1:05-cv-186] (unless otherwise noted, all citations to the Court record are to Case No. 1:05-cv-186). In her notices, the Debtor identified two final orders of the Bankruptcy Court from which she appeals. They are: (1) an Order entered on April 15, 2005 by which the Bankruptcy Court grants the motion of the Chapter 13 trustee and dismisses the Debtor's Chapter 13 case for a material default with respect to the confirmed plan pursuant to 11 U.S.C. § 1307(c) [Court Doc. No. 1-13]; and (2) an Order entered on July 6, 2005 by which the Bankruptcy Court, acting on the Debtor's late-filed motion (filed following the dismissal of her case),

denies her motion for discharge [Court Doc. No. 1-5 (Case No. 1:05-cv-216)]. For the reasons stated below, both such orders of the Bankruptcy Court will be **AFFIRMED**.

Before addressing the issues which are properly before the Court on this appeal, the Court is compelled to address a threshold issue regarding the basis and scope of the Court's jurisdiction over this matter.

While the record on appeal as designated by the parties is somewhat confusing, a review of that record reveals that most of the motion practice in the Bankruptcy Court focused on one claim made against the Debtor, that being a mortgage against Debtor's principal residence held by Federal Trust Bank and/or its affiliates, successors or assigns. This claim will hereinafter be referred to as the "Federal Trust mortgage." Indeed, the Debtor has devoted most of the argument set forth in her original Brief and her amended Brief, as well as most of her oral argument to this Court, to the various alleged infirmities or irregularities relating to the Federal Trust mortgage, just as she did in the Bankruptcy Court. Also, continuing disputes regarding the Federal Trust mortgage have spawned superfluous motion practice in this Court, such disputes being the underlying subject of the Debtor's "Objection to Trustee's Report" [Court Doc. No. 4] and her "Motion to Withdraw Case and for Stay Pending Ruling" [Court Doc. No. 13]. In this regard, the Debtor seems to either ignore or misapprehend the jurisdictional constraints imposed on this Court by 28 U.S.C. § 158(a) and the procedural rules governing bankruptcy appeals to district courts.

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, dealing with the time for filing a notice of appeal, states, *inter alia*, that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of entry of the judgment, order or decree appealed from." The Appellees contend that this procedural rule alone represents an insurmountable

obstacle to the Debtor's apparent desire to have this Court re-examine the Bankruptcy Court's allowance of the Federal Trust mortgage claim. Appellees contend (and the Court agrees) that the Bankruptcy Court's allowance of that claim was accomplished by two orders, the first having been entered on November 23, 2004 [Court Doc. No. 6-5] and the second having been entered on February 15, 2005 [Court Doc. No. 6-21]. Accordingly, the Bankruptcy Court's allowance of the Federal Trust mortgage became "final" for purposes of measuring the time for appeal no later than February 15, 2005, and thus any appellate challenge to the validity of that particular claim must have been perfected by the filing of a Notice of Appeal with the Bankruptcy Court no later than 10 days thereafter.

It is settled law that "[t]he 10-day period of Rule 8002(a) is jurisdictional. If the notice of appeal is not filed within the appropriate time period, the reviewing court does not have jurisdiction over the appeal." 1 *Collier on Bankruptcy* ¶ 5.05[1], at 5-13 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 1996). Accordingly, the Debtor's failure to file a timely Notice of Appeal from the Bankruptcy Court's orders approving the Federal Trust mortgage claim is of determinative consequence to her efforts to have this Court re-examine that issue. Because the Bankruptcy Court's allowance of the Federal Trust mortgage claim became "final" for purposes of 28 U.S.C. § 158(a) and Bankruptcy Rule 8002(a) no later than February 15, 2005, and the Debtor failed to file a notice of appeal within 10 days after February 15, 2005, this Court has no jurisdiction to consider that issue in the context of this appeal.[1] Accordingly, not only will this Court not re-examine the

---

[1] In making this determination, the Court is cognizant of the fact that the concept of finality has assumed a slightly different meaning in the context of bankruptcy than in other federal cases. Perhaps the most frequently cited case discussing that difference is *In re Saco Local Development Corp.*, 711 F.2d 441 (1st Cir. 1983), in which the court recognized that unlike other federal civil actions, which are typically viewed as a "single judicial unit" from which only one appeal would lie, "Congress has long provided that orders in

Bankruptcy Court's allowance of the Federal Trust mortgage claim, but it will also **OVERRULE** Debtor's Objection to Trustee's Report [Court Doc. No. 4] and will **DENY** Debtor's Motion to Withdraw Case and for Stay Pending Ruling [Court Doc. No. 13], both of which, in one fashion or another, seek to re-litigate the issue finally settled in the Bankruptcy Court regarding the Federal Trust mortgage no later than February 15, 2005.

Having disposed of this threshold jurisdictional issue, the Court is left to consider only those matters which are properly before it on the basis of the Debtor's Notices of Appeal of May 31, 2005 and July 18, 2005 – namely, the propriety of the Bankruptcy Court's grant of the Appellee Chapter 13 Trustee's motion to dismiss Debtor's case for material default and the Bankruptcy Court's denial of Debtor's motion for discharge. [2]

---

bankruptcy cases may be immediately appealed if they finally dispose of *discrete disputes within the larger case* and in particular, it has long provided that orders finally settling creditors' claims are separately appealable." *Id.* at 444. Applying this rule to the facts of the instant case, because the bankruptcy court's order overruling the Debtor's objections to the Federal Trust mortgage claim and thereby allowing such claim became "final" no later than February 15, 2005, Debtor's Notices of Appeal which invoke this court's jurisdiction in this case pursuant to 28 U.S.C. § 158(a), the first of which was filed on May 31, 2005 and the second of which was filed on July 18, 2005, are ineffective, pursuant to the 10-day rule set forth in Bankruptcy Rule 8002(a), to invoke this Court's jurisdiction issues relating to Debtor's objections to, or the Bankruptcy Court's allowance of, the Federal Trust mortgage claim.

[2] The Court notes that on the record before it, the timeliness of the Debtor's May 31, 2005 Notice of Appeal [Court File No. 1-1], which purports to invoke this Court's appellate jurisdiction over the Bankruptcy Court's dismissal of her Chapter 13 case, is not as clear as might be wished. The Order appealed from was originally entered on April 15, 2005 [Court Doc. No. 1-13]. On April 20, 2005, the Debtor filed her motion for discharge [Court Doc. No. 1-14], and on April 22, 2005 filed a motion to amend or alter the Bankruptcy Court's April 15 Order of Dismissal [Court Doc. No. 1-16, p. 12 of 14, #113]. The Bankruptcy Court denied the Debtor's motion to alter or amend on April 27, 2005, at which time it also observed, in a footnote, that the Debtor's motion for discharge was now moot, and otherwise without merit [Court Doc. No. 1-15]. The Bankruptcy Court did not issue a formal order denying the motion for discharge until July 6, 2005 [Court Doc. No. 1-5 (Case No. 1:05-cv-216)], and the Debtor filed a Notice of Appeal of that order on July 18, 2005 [Court File No. 1-1 (Case No. 1:05-cv-216)], which was timely, based on the 10-day rule of Bankruptcy Rule 8002(a), and the time computation rules contained in Bankruptcy Rule 9006(a).

Rule 8002(b) provides that the commencement of the 10-day jurisdictional period of Rule 8002(a) may be tolled by the filing of certain specified motions, such tolling to persist until such time as a final order disposes of the last of such motions. Given the somewhat confused history of motion practice surrounding the appealed orders to dismiss and denial of discharge, the Court will construe the provisions of Rule 8002(b) liberally and treat the Bankruptcy Court's Order of July 6, 2005 as commencing the 10-day period for both of the Debtor's Notices of Appeal. Accordingly, both such Notices of Appeal were timely filed pursuant to Rule

In considering these matters, the Court notes that there is no statutory standard of review governing appeals from bankruptcy to district court. Rather, such standard is set forth in Bankruptcy Rule 8013, which states:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The Advisory Committee Notes state that the rule accords to the findings of the bankruptcy judge the same weight given to the findings of a district judge under Federal Rule of Civil Procedure 52. Issues of law are reviewed *de novo*. *Stamper v. United States (In re Gardner)*, 360 F.3d 551, 557 (6th Cir. 2004).

First, with regard to the Bankruptcy Court's grant of the Trustee's motion to dismiss, section 1307(c)(6) of the Bankruptcy Code, 11 U.S.C. § 1307(c)(6), provides, in pertinent part:

> (c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this Chapter to a case under Chapter 7 of this title, or may dismiss a case under this Chapter, whichever is in the best interests of creditors and the estate, for cause, including
>
> . . . .
>
> (6) material default by the debtor with respect to a term of a confirmed plan; . . . .

---

8002. The Court further notes that the Appellees have not challenged the timeliness of the Debtor's Notices of Appeal, and conceded, at oral argument, that they were timely filed.

-5-

Case 1:05-cv-00216   Document 4   Filed 03/08/06   Page 5 of 9   PageID #: 5

In the case at bar, according to the Bankruptcy Court's order of April 27, 2005, at the hearing on the Chapter 13 trustee's motion to dismiss, "the trustee announced that the debtor had not made a plan payment since January, 2005. The debtor did not dispute that fact." [Court Doc. No. 1-15]. The court also observed that "[a] debtor cannot simply stop making plan payments and continue in a Chapter 13 case." *Id.* As to the factual issue, *i.e.*, whether the Debtor was making payments in accordance with her previously confirmed Chapter 13 plan, there was no dispute – she was not. As to the legal issue, *i.e.*, whether a Debtor's failure to make required plan payment constitutes a "material default" within the meaning of 11 U.S.C. § 1307(c)(6), it is clear that it does. *See, e.g., In re Sando*, 30 B.R. 474 (E.D. Pa. 1983). Accordingly, the Court will **AFFIRM** the Bankruptcy Court's dismissal of the Debtor's Chapter 13 case.

Second, with regard to the Bankruptcy Court's denial of Debtor's motion for discharge, section 1328 of the Bankruptcy Code, 11 U.S.C. § 1328, provides, in pertinent part:

> (a) . . . [A]s soon as practicable *after completion by the debtor of all payments under the plan* . . . the court shall grant the debtor a discharge of all debts provided for by the Plan . . . .
>
> (b) . . . [A]t any time after the confirmation of the plan and after notice and a hearing, the Court may grant a discharge to a debtor that has not completed payments under the Plan only if ----
>
> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;

-6-

> (2) the value, as of the effective date of the plan, of property actually distributed under the Plan on account of each unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had liquidated under Chapter 7 of this title on such date; and
>
> (3) modification of the Plan under Section 1329 of this title is not practicable.

11 U.S.C. § 1328 (emphasis added).

In the case at bar, on April 20, 2005, the Debtor filed with the Bankruptcy Court a Motion for Discharge, pursuant to 11 U.S.C. § 1328. In that motion, Debtor stated, in pertinent part:

> There have been no claims which have been approved by the Court, except *possibly* claim #2 which was based upon an alleged payoff figure. However, the Amended Proof of Claim which has been filed claims *another* figure as the Principal Balance as of the Date of Filing of the Petition in Bankruptcy, thereby superseding said originally claimed amount. The Amended Proof of Claim has not been approved by the Court. An objection to said AMENDED PROOF OF CLAIM is presently pending.
>
> At this time, there are no approved claims.

[Court Doc. No. 1-14].

In an order signed and entered on July 6, 2005, the Bankruptcy Court stated:

> The debtor has filed a motion for a ruling on her previous motion for discharge which was filed after the debtor's case was dismissed for her failure to make plan payments. In an order entered on April 27, 2005, in which the court denied the debtor's motion to alter or amend the order that granted the chapter 13 trustee's motion to dismiss, the court pointed out in a footnote that the debtor's motion for discharge was moot in light of the dismissal of the debtor's case. The court also pointed out that the motion for discharge was without merit because the debtor had failed to satisfy her obligations under her plan. No further ruling on the motion for discharge is

> required. According, the debtor's motion for a ruling on her
> motion for discharge is denied.

[Court Doc. No. 1-5 (Case No. 1:05-cv-216).]

The Court notes that the Bankruptcy Court issued its order subsequent to the quite extensive litigation in that Court regarding the validity and status of the Federal Trust mortgage. The result of that litigation was the Bankruptcy Court's previously discussed orders of November 23, 2004 [Court Doc No. 6-5] and February 15, 2005 [Court Doc. No. 6-21], which allowed the Federal Trust mortgage claim and overruled the Debtor's objections thereto. In light of those orders, the Debtor's failure to complete her payments under the plan dictated that her case should be dismissed and her motion for discharge should be denied. The Court can find no clear error in the Bankruptcy Court's findings of fact on this issue, and can find no error in its conclusions of law. Accordingly, the Court will **AFFIRM** the Bankruptcy Court's denial of the Debtor's Motion for Discharge.

Finally, Federal Trust Bank filed a Motion to Dismiss Appeal on the grounds that the Debtor had failed or refused to pay the filing fee prescribed by Bankruptcy Rule 8001(a) with her Notices of Appeal.

Bankruptcy Rule 8001(a) provides that an appellant's failure to take any step other than timely filing a notice of appeal is not necessarily fatal to the appeal, and grants the District Court the power to take whatever action it deems appropriate to remedy such failure. Accordingly, the Court will **DENY** Federal Trust Bank's Motion to Dismiss Appeal [Court File No. 12].

Pursuant to Bankruptcy Rule 8014, the Clerk shall tax the costs of this appeal, including the fee for filing the Notices of Appeal as prescribed by Bankruptcy Rule 8001(a), against the Debtor.

A separate order will enter.

<u>*s/ Harry S. Mattice, Jr.*</u>
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE